# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| TREVION HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2679 AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, formerly a pretrial detainee at St. Louis City Justice Center, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Plaintiff is no longer incarcerated, and the Court will waive his filing fee. *See* 28 U.S.C. § 1915(a). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this § 1983 action against the City of St. Louis, alleging his right to a speedy trial was violated in a state court criminal matter. He states that he filed a motion seeking a speedy trial in his underlying criminal case in the City of St. Louis Circuit Court. On June 1, 2016, the Circuit Court granted the motion and set a speedy trial date of November 28, 2016. Plaintiff was not brought to trial before November 28, 2016. He seeks nominal damages in the amount of $1 and punitive damages in the amount of $2,500,000.

On January 22, 2018, plaintiff notified the Court that he was no longer incarcerated. The Court has no information regarding the disposition of plaintiff's underlying case, and his Missouri state court docket is no longer accessible through Missouri Case.net.

## Discussion

The Missouri Speedy Trial Act, sometimes called the 180-day rule, was repealed effective June 7, 1984. Under the current Speedy Trial Act, a criminal defendant should be brought to trial "as soon as reasonably possible" after the defendant indicates he is ready for trial and requests a speedy trial.[1] Mo. Rev. Stat. § 545.780.1. The statute provides that the remedy

---

[1] Because the current Speedy Trial Act requires a trial "as soon as reasonably possible," the Court finds no reason why the St. Louis City Circuit Court calculated a speedy trial date "Before Date: 28-NOV-2016." *See* ECF No. 1-1. A trial date before November 28, 2016 was not required by Missouri's Speedy Trial Act.

for a defendant who is not tried "as soon as reasonably possible" is to seek mandamus.[2]   *Id.* at § 545.780.2.   Plaintiff did not file a state petition for writ of mandamus.   Additionally, Missouri law provides at least two other distinct avenues for a pretrial detainee to challenge unconstitutional conduct:   filing a declaratory action or filing a state petition for habeas corpus. *See Wayne v. Missouri Bd. of Prob. and Parole,* 83 F.3d 994, 996-97 (8th Cir. 1996).   Plaintiff did not pursue any of these actions.

Instead, plaintiff filed this action in federal court against the City of St. Louis for violations of his civil rights under 42 U.S.C. § 1983.   Plaintiff cannot sue the City of St. Louis under 42 U.S.C. § 1983 because he has not stated a claim of municipal liability.   Liability under § 1983 may attach to a municipality if the constitutional violation resulted from:   (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise.   *Monell v. Dep't of Soc. Servs of City of New York*, 436 U.S. 658, 691 (1978).   Plaintiff has not alleged any constitutional violation resulting from a policy or custom of the City of St. Louis, and therefore his § 1983 claim will be dismissed.

---

[2] The Missouri Speedy Trial Act must be distinguished from the Uniform Detainer Law, Mo. Rev. Stat. § 217.460, which permits incarcerated persons to demand a trial on a pending charge and require dismissal of the charge if the defendant is not brought to trial on the charge within 180 days after a proper demand for trial is filed.

Section 217.460 requires notice pursuant to § 217.450.1, which provides:   "The request shall be in writing addressed to the court in which the indictment, information or complaint is pending and to the prosecuting attorney charged with the duty of prosecuting it, and shall set forth the place of imprisonment."   The request provided for in § 217.450.1 is to be delivered to the Director of the Division of Adult Institutions, who is to make specific certifications and send copies of the request and certificate to the court and the prosecuting attorney to whom it is addressed.   *See* Mo. Rev. Stat. § 217.455.   Plaintiff has not mentioned the Detainer Law in his complaint and the Court will not address it here.

Liberally construed, plaintiff's filing would be considered a petition of a state pretrial detainee for writ of habeas corpus under 28 U.S.C. § 2241. Federal courts have the power to grant writs of habeas corpus under § 2241; however, they require petitioners to exhaust their state court remedies prior to pursuing them in federal court. *See Houston v. State of Mo.*, 4:13-CV-1242 AGF (E.D. Mo. Jul. 24, 2013), 2013 WL 3852510, *1 n.1 (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)). Plaintiff filed this action while his state court criminal action was still pending. Plaintiff has not alleged, nor has the Court found, that he exhausted his state remedies prior to bringing this action. Liberally construing plaintiff's pro se complaint as a petition for writ of habeas corpus under § 2241, plaintiff's petition was premature when filed. Plaintiff is no longer incarcerated, and therefore his § 2241 petition is moot.

Moreover, based on the Missouri state court docket sheet attached to plaintiff's compliant, Mr. Holmes' trial was continued seven times by the St. Louis City Circuit Court. Two of the continuances were jointly requested by counsel for the prosecution and defense. Of the remaining five continuances: the prosecution requested three, and Mr. Holmes' counsel requested two. *See* ECF No. 1-2. Mr. Holmes' fourth trial date, October 24, 2016, was continued at the request of his own counsel because counsel had entered his appearance only twenty days prior to the trial date and had inadequate time to prepare. *Id.* The Circuit Court granted counsel's motion for continuance, and reset the trial date to December 12, 2016, which fell outside of the 180-day time period that plaintiff contends applies to his speedy trial rights. This fifth trial date, December 12, 2016, was later continued at the joint request of counsel.

When a defendant or his counsel is responsible for the delays in trial, the defendant, by law, is not denied his right to speedy trial. *State v. Adams*, 691 S.W.2d 432 (Mo. Ct. App. 1985); *State v. Cannon*, 692 S.W.2d 357 (Mo. Ct. App. 1985); *State v. Daly*, 731 S.W.2d 315 (Mo. Ct. App. 1987); *State v. Clark*, 723 S.W.2d 17 (Mo. Ct. App. 1986). As plaintiff is aware, his own counsel sought continuances of his case to adequately prepare for trial. Because Mr. Holmes' counsel was responsible for many of the trial continuances, Mr. Holmes has not been denied his right to speedy trial.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 19th day of April, 2018.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE